IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

_____ FILED     _____ ENTERED
_____ LOGGED    _____ RECEIVED

NOV 1 4 2016

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____
                         DEPUTY

LESTER MOODY
4412 MARBLE HALL ROAD
COURTYARD#1
APARTMENT 328
BALTIMORE, MARYLAND
21218-0036

        PLAINTIFF

        VS.

BALTIMORE CITY DEPARTMENT OF SOCIAL SERVICES
STATE OF MARYLAND
1910 NORTH BROADWAY STREET
BALTIMORE, MARYLAND
21213-0036

        DEFENDANT

Civil Action No.  **JFM 16 CV3706**
**Jury Trial Requested**

---

## COMPLAINT

**NOW COMES** Plaintiff, Lester Moody, pursuant to Federal Civil P. 8 and 10, files this Complaint for damages set forth as follows:

On November 12, 2016, Lester Moody, a former Case Manager with the Baltimore City Department of Social Services filed an instant action alleging that the Baltimore City Department of Social Services, an agency of the State of Maryland, alleging that the aforementioned agency engaged in unlawful retaliation against him in violation of Title VII of the Civil rights act of 1964("Title VII"), title IX of the Civil Rights Act of 1964, 20 U.S.C., Statute 1681(a), and Maryland's fair employment Practices Act ("Title 20"),

1

Md., Code Ann. State Gov't Statute 20-606. Plaintiff's claims arise from alleged retaliatory acts taken by the Baltimore City Department of Social Services, an agency of the State of Maryland. Plaintiff alleges that the Baltimore City Department of Social Services took adverse employment actions allegedly taken were "efforts to sabotage" his efforts to advance at Northeast Regional Office ("NERO") in the State of Maryland. Plaintiff did submit his complaint for retaliation in employment to the Human Resources Department, employee relations agent, Karen Drew. Plaintiff resigned from his position as a Case Manager, effective date of June 15, 2016. After resigning from his position as a Case Manager he applied for unemployment insurance benefits with the Division of Unemployment Insurance in the State of Maryland.

Based upon these allegations, Plaintiff filed a Charge of Discrimination ("Charge") with The U.S. Equal Employment Opportunity Commission (the "EEOC"), which he alleges was titled on or about October 31, 2016, and assigned Charge Number 531-2017-00132.

## STANDARD OF REVIEW

In order for Plaintiff to survive a motion to dismiss for failure to state a claim on which relief can be granted, "a complaint must contain a sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Igbal 556 U.S. 662,678(2009), "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," Igbal, 556 U.S. 679. "Factual allegations must be enough to raise a right to relief above the speculation level." Twombly, 550 U.S. 555.

2

## ARGUMENT

Plaintiff has stated a claim based solely on a theory of retaliation. Plaintiff states that he was forced out of employment as a Case Manager for filing a lawsuit against the State of Maryland. Plaintiff will and has shown that he was forced out of employment with the Baltimore City Department of Social Services because he filed a lawsuit against the State of Maryland. The Baltimore City Department of Social Services was engaged in unlawful employment practices.

The employment action taken against the Plaintiff was whether the conduct about which Plaintiff objected, which resulted in subsequent retaliation constituted adverse employment practices prohibited by Title VII. The Plaintiff's claim was not about a perceived discrimination, but rather an unlawful employment practice. Constructive force out by the Baltimore City Department of Social Services made the working conditions intolerable and thereby forced him to resign from his position with the State of Maryland for medical reasons. The doctrine of constructive discharge arises when an employer allows unlawful discrimination to rise to such a level that a reasonable employee would have no choice but to elect to resign, rather than be terminated than. continue to endure it. (Emphasis added). Plaintiff has commenced his civil action

"within" two years after the alleged unlawful employment practice occurred. Maryland law imposes specific requirements on the form and content of an administrative charge or complaint. Under Section 20-1004(b), the complaint shall (1) be in writing ;( 2) state the

3

name and address of the person alleged to have committed the discriminatory act ;( 3) contain any other information the commission requires; and (4) signed by the Plaintiff under oath.

## JURISDICTION AND VENUE

This Complaint is authorized and instituted pursuant to Title VII of the Civil Rights Act Of 1964("Title VII"), 42 U.S.C.β 2000e-3 and Title IX of the Civil Rights Act of 1964("Title IX"), 20 U.S.C. β1681 (a) and, as this Complaint asserts claims arising under the laws of the United States, this Court has original jurisdiction over those claims. Further, Plaintiff has alleged a claim arising under state law, under the Maryland Fair Employment Practices Act (("FEPA"), Md. Code Ann. State Gov't Art. B20-606, and, since that claim is factually inter-related with Plaintiff's claims arising under federal law, this Court should assert its pendent jurisdiction over such claim.

Venue is proper in this judicial district as the claims alleged in this Complaint occurred within this judicial district and Defendant is a government employer that is subject to the jurisdiction of this court. Prior to bringing this action, Plaintiff timely filed an administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging unlawful employment practices by Defendant, EEOC Charge No. 531-2017-00132 but the EEOC officer, Dawn Deloath, stated that they do not have standing to pursue a charge in this matter in question because is not jurisdictional under the laws administered by EEOC.  This action is being timely filed by Plaintiff having been discriminated against because his retaliation for filing a lawsuit against the

4

State of Maryland.

At all times relevant to this Complaint, Plaintiff, who is male, was an "employee" of Defendant, as defined Title VII and a "person" as defined by Title IX and a resident of Baltimore City and the State of Maryland.

Defendant Baltimore City Department of Social Services and the State of Maryland and its operates under the jurisdiction of the State of Maryland. It is an instrumentality of the State of Maryland. Md. Code ann. Educ. Art. Bβ 12-101(b) (6) (VI) and 12-102(a).

At all-time relevant to this Complaint, Defendant was an "employer" as defined in Title VII and a State agency receiving federal finds within the meaning of Title IX.

Defendant is an "employer" as defined in Title VII and a state agency receiving federal funds within the meaning of Title IX. Defendant is an "employer" as defined by Md. Code Ann. State Gov't Art.β 20-60(d).

## ADMINISTRATVE PROCEDURE

Plaintiff timely executed his Charge of Discrimination against the Defendant and filed it with the EEOC on or about October 31, 2016. It was assigned Charge Number 531-2017-00131, was filed with EEOC.

The Discriminatory acts complained of in this Complaint began in and around the time of the filing of the lawsuit. Any applicable statutes of limitation were tolled during the pendency of the investigation of the administrative charge of discrimination.

Plaintiff therefore invokes his stated right to sue in that he has satisfied all administrative

5

and judicial prerequisites to the institution of this action and has elected to be this action in this Court.

## STATEMENT OF THE FACTS

At all times relevant to this Complaint, Plaintiff had a property interest in his position as a Case Manager with the Baltimore City Department of Social Services.

Between May 2012 through June 2016, Plaintiff worked as a Case Manager with the Baltimore City Department of Social Services.

Throughout Plaintiff's tenure at the Baltimore City Department of Social Services Plaintiff was always rated "satisfactory "in his PEP evaluations, up until his medical condition interterferred in his health, and the filing of his lawsuit against the State of Maryland.  I assumed that management found out about my private, personal business, which not related to my effectiveness on the job.  I figure that I was forced out of my position as a Case Manager.  Plaintiff was approved for Family Medical Leave Act from June 9, 2016 through July 21, 2016 by personnel management.

Immediately after discovering that Plaintiff filed a lawsuit against the State of Maryland, Plaintiff began receiving write-ups from his immediate supervisor, which he attributed to his filing of a lawsuit against the State of Maryland.

Plaintiff believes that his resignation was for medical reasons in nature, but the retaliatory comments were political to the point of intimidating, which forced Plaintiff to resign from his position at the agency.  Plaintiff's supervisor appeared unsympathetic and ambivalent about the seriously hostile retaliatory work environment that had been created

6

and nurtured by her and NERO management. Plaintiff's illness prevented him from continuing in his position as a Case Manager. Actions by my immediate supervisor, Mrs. Shirley Brickus, prevented, and hindered and reduced Plaintiff's professional standing, and upward mobility at NERO. The hostile and offensive environment created and fostered by Mrs. Brickus and management found out that I filed a lawsuit against the State of Maryland. Plaintiff was forced to resign from his position as a Case Manager. That resignation was not voluntary and was a constructive discharge. Plaintiff has been applying for other State jobs in Maryland, according to the requirements for receiving unemployment insurance in the State of Maryland. Plaintiff has expressed disdain in the hostile environment created by my supervisor as "niggerish," to say the least in my personal assessment. Plaintiff was advocating that he receive equal treatment and not suffer discrimination from NERO program. After Plaintiff engaged in protected activities for himself, he suffered adverse employment actions taken against him. But for Plaintiff's engaging in activities protected by Title VI and Title IX of the Civil Rights Act of 1964, the adverse actions described above would not have been taken by Defendant. Plaintiff believes that he has suffered adverse employment practices engaged in by Mrs. Brickus, and management. The hostile and offensive workplace created and condoned by Defendant was severe and pervasive in nature and interfered with Plaintiff's ability to perform his job duties and has caused Plaintiff extreme distress, along with a medical condition. Plaintiff was interfered with, restrained, and retaliated against for exercising his rights under Title VII, Title IX, and the FEPA. Defendant's actions created a hostile,

7

offensive and abusive work environment because of Plaintiff's gender and his engaging in protected activities like filing a lawsuit under Title VII, Title IX, the FEPA, and Article 24.  As a result of the above stated actions, Plaintiff has suffered economic and non-economic damages, including, but not limited to, loss of prestige, severe economic distress, medical expenses, filing fees, copying, printing, and cost related to this lawsuit. As a result of the above stated actions, Plaintiff has suffered economic and non-economic damages, including, but not limited to, loss of prestige; severe emotional, medical expenses, copying, typing, printing, and other office supplies.

## COUNT I

## UNLAWFUL RETALIATION IN VIOLATION OF β704 OF TITLE VII

Plaintiff repeats, re-alleges and incorporates by reference each and every factual allegation contained in this Complaint as though they are fully set forth herein, and makes them part hereof and, furthermore states as follows: Plaintiff took steps to oppose unlawful employment practices under Title VII by making formal and informal complaints and by participating in proceedings under Title VII.  The human resources department was made aware of the retaliatory conduct of my immediate supervisor.  At all times relevant, my supervisor and management were aware of such protected activities.  After Plaintiff opposed practices made unlawful by Title VII and participated in activities protected under Title VII, Plaintiff endured unlawful retaliation from his supervisor, and management, including receiving abusive and hostile treatment from his supervisors, subjecting him to a campaign of intimidation, including, but not limited to,

8

efforts to sabotage Plaintiff's efforts to move up in the agency of which he is more than qualified for more prestigious management positions. Plaintiff has suffered immediate loss of job status and prestige by resigning from his position as a Case Manager. Plaintiff suffered adverse actions, including, but not limited to, loss of status and prestige, sabotaging of his efforts to obtain a promotion, sabotaging his efforts to obtain future employment elsewhere with another State agency, and a vicious campaign of threats and intimidation made by my supervisor, and management. There was a strong caudal connection between Plaintiff's protected activities and the actions taken against him. But for Plaintiff's opposition to practices made unlawful under Title VII, the unlawful retaliation complained of the previous would not have occurred. The reasons articulated by Defendant for their actions taken against the Plaintiff were intentional for filing a lawsuit against the State of Maryland. The Baltimore City Department of Social Services retaliatory actions were unlawful and in violation of β 704 of Title VII, 42 U.S.C. β 2000e-3. As a result of the above stated actions, Plaintiff has suffered economic and non-economic damages, but not limited to, loss of prestige, severe emotional distress, medical expenses, filing fees, printing costs, and other cost related to this litigation.

## COUNT II

## UNLAWFUL RETALIATION IN VIOLATION OF TITLE IX OF THE CIVIL RIGHTS ACT OF 1964

Plaintiff repeats, re-alleges and incorporates by reference each and every factual allegation contained in this Complaint as though they are fully set forth herein, and

9

makes them part hereof and, furthermore, states as follows: Plaintiff took steps to oppose unlawful discriminatory practices under Title IX directed toward his employment with the Baltimore City Department of Social Services. At all times relevant to this Complaint, the Baltimore City Department of Social Services, a State agency, was receiving federal assistance within the meaning of Title IX. After Plaintiff opposed practices made unlawful by Title IX and participated in activities protected under Title IX by filing a lawsuit against the State of Maryland. The Plaintiff endured unlawful retaliation from his supervisor, including receiving abusive and hostile treatment from his supervisor, subjecting him to a campaign of intimidation, including, but not limited to, efforts to sabotage Plaintiff's efforts to obtain a promotion at NERO by resigning on June 9, 2016 from his State job for medical reasons. Plaintiff believes that there was an unlawful retaliation complained about in this discrimatory practices under Title IX. Plaintiff believes that the retaliatory action taken by the Baltimore City Department of Social Services were unlawful and in violation of Title IX of the Civil Rights Act of 1964, 20 U.S.C. β 1681(a). As a result of the above actions, Plaintiff has suffered economic and non-economic damages, including but not limited to loss of prestige, and other cost related to this litigation.

## COUNT III

## UNLAWFUL RETALIATION IN VIOLATION OF THE MARYLAND FEPA

Plaintiff repeats, re-alleges and incorporates by reference each and every factual allegation contained in this Complaint as though they are fully set forth herein, and

10

makes them part hereof and, furthermore, states as follows: Plaintiff took steps to oppose unlawful employment practices under the FEPA by making a formal complaint with the human resources department at NERO by participating in proceedings under the FEPA. After Plaintiff opposed practices made unlawful by FEPA and participated in activities protected under FEPA, Plaintiff endured unlawful retaliation from his supervisor, including receiving abusive and hostile treatment from his supervisor, by receiving write-Ups and unfair PEP evaluations. Plaintiff was attempting to receive a promotion at NERO and trying to get a satisfactory evaluation on his PEP evaluation. Plaintiff has suffered loss of job status and prestige in his employment with the Baltimore City Department of Social Services, a State agency. The reasons articulated by the Baltimore City Department of Social Services for their actions were false and pretexual. Baltimore City Department of Social Services retaliatory actions were unlawful and in violation of the FEPA, Md. Code Ann. State Gov't. Art β 20-606(f).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that this Honorable Court grant him the following relief, namely:

(i) That this Court determine that the employment practices complained of in this Complaint are unlawful in that they violated the Title VII, Title IX and the FEPA.

(ii) That Defendant pay Plaintiff the sum of $300,000.00 for his actual and compensatory damages and any all equitable relief; and

(iii) That Defendant pay Plaintiff's costs and expenses and reasonable filing fees, cost of printing, paper, and other costs in prosecuting with this action.

(iv)    That the Court enters judgment in favor of Plaintiff and against the Defendant in this litigation.

## PLAINTIFF DEMANDS A JURY TRIAL

Dated:  November 11, 2016

Respectfully submitted,

Lester Moody, Plaintiff
4412 Marble Hall Road
Courtyard#1
Apartment 328
Baltimore, Maryland
21218-0036
410-325-5815-Phone
410-325-5815-Fax
443-240-9316-Cell

**WHEREFORE,** Plaintiff demands:

a.  That the Court enter judgment  in favor of Plaintiff and against the Defendant;

b.  That the Court award Plaintiff compensatory damages, plus interest, in an amount to be proven at trial;

c.  That the Court award Plaintiff filing fees, printing cost, and other related cost imposed during litigation.

d. That the Court award Plaintiff such further and additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

DATED:  November 11, 2016

Respectfully submitted,

Lester Moody, Plaintiff
4412 Marble Hall Road
Courtyard#1
Apartment 328
Baltimore, Maryland
21218-0036
410-325-5815-Phone
410-325-5815-Fax
443-240-9316-Cell

**CONCLUSION**

WHEREFORE, Plaintiff, for all reasons set forth above, request that his complaint be

acted upon in all of its parts, subject to approval by the Honorable Court.

Respectfully submitted,

Lester Moody, Plaintiff
4412 Marble Hall Road
Courtyard#1

13

Apartment 328
Baltimore, Maryland
21218-0036
410-325-5815-Phone
410-325-5815-Fax
443-240-9316-Cell


## CERTIFCATE OF SERVICE

I do hereby certify that Plaintiff's **COMPLAINT** has been mailed postage pre-paid to

Attorney General Brian E. Frosh, 200 St. Paul Place, 17th Floor, Baltimore, Maryland

21202-2021.

Respectfully submitted,

Lester Moody, Plaintiff
4412 Marble Hall Road
Courtyard#1
Apartment 328
Baltimore, Maryland
21218-0036
410-325-5815-Phone
410-325-5815-Fax
443-240-9316-Cell

14